[Cite as *State v. McAllister*, 2017-Ohio-8177.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2017CA00087 |
| JOHN MCALLISTER | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Alliance Municipal Court,<br>Case No. 2016-CRB-00507 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 10, 2017 |
| APPEARANCES: | |

For Plaintiff-Appellee

CAITLYN R. SCHNEIDER
JENNIFER ARNOLD
MATTHEW KUHN
Alliance Law Director's Office
470 E. Market St.
Alliance, Ohio 44601

For Defendant-Appellant

JOHN MCALLISTER, PRO SE
Stark County Jail
4500 Atlantic Blvd. NE
Canton, Ohio 44705

*Hoffman, P.J.*

{¶1} Defendant-appellant John L. McAllister appeals the judgment entered by the Alliance Municipal Court overruling his motion for medical furlough. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE CASE[1]

{¶2} In May of 2016, Appellant was convicted following jury trial in the Alliance Municipal Court of one count of theft by deception in violation of R.C. 2913.02(A)(3), and one count of possessing criminal tools in violation of R.C. 2923.24(A). He was sentenced to one hundred forty days in jail on the theft by deception count, and one hundred eighty days on the possession of criminal tools count, to be served consecutively. He appealed to this Court, and his conviction and sentence were affirmed. *State v. McAllister,* 5th Dist. Stark No. 2016CA00110, 2016-Ohio-8262.

{¶3} On February 7, 2017, the trial court granted Appellant's motion for medical furlough. He was to be released on February 14, 2017, at 9:30 a.m., and was ordered to report back to the jail at 1:30 p.m. the same day after an appointment with a dentist. He failed to return to the jail, and a bench warrant was issued for his arrest. He was arrested on the warrant on February 20, 2017. On March 10, 2017, the court sentenced him to sixty days incarceration for contempt of court, to be served consecutively to the time remaining on his sentence for the underlying criminal offenses.

{¶4} Appellant filed a motion to modify his sentence based on his medical needs on March 27, 2017. The court held a hearing on the motion on April 12, 2017,

---

[1] A statement of the facts underlying Appellant's convictions and sentences is not necessary for our resolution of this Appeal.

and overruled the motion that same day. Appellant filed a motion for medical and mental health treatment on April 17, 2017. The court entered judgment denying the motion the same day, recommending Appellant speak to the medical staff at the jail.

{¶5} Appellant filed another motion for medical furlough on May 1, 2017. The court denied the request for furlough on May 4, 2017. It is from that entry Appellant prosecutes this appeal.

{¶6} Although appellant does not specifically assign error to the judgment, appellant argues the court erred in overruling his motion for medical furlough because the physician at the jail suggested he seek furlough in order to see a doctor.

{¶7} Appellant did not file a praecipe with the court reporter for the transcript of the April 12, 2017 hearing, and he has not provided this Court with a transcript of the hearing. On his docketing statement, Appellant indicated no transcript was necessary. According to Appellant's brief, seventy-two pages of medical records were presented to the court at this hearing on his motion to modify sentence based on his medical condition. In the absence of this transcript at which evidence was presented concerning Appellant's medical needs, we cannot determine whether the trial court erred in overruling his subsequent motion for medical furlough. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

**{¶8}** The judgment of the Alliance Municipal Court is affirmed.

By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur